IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

HEATHER HULSEY, et al. )
)
v. ) NO. 3-12-0514
) JUDGE CAMPBELL
AIR PRODUCTS AND )
CHEMICALS, INC. )

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss (Docket No. 10). For the reasons stated herein, Defendant's Motion is DENIED.

FACTS

Plaintiffs have brought this action for the wrongful deaths of their spouses in a tragic hydrogen gas fire and explosion at Hoeganaes Corporation in Sumner County, Tennessee. Hoeganaes was the employer of the deceased men at the time of the explosion on May 27, 2011.

Plaintiffs assert that Defendant Air Products and Chemicals, Inc. produced the hydrogen gas which was used at the Hoeganaes plant. Plaintiffs also allege that Defendant designed, manufactured, installed, provided and monitored a system for monitoring, controlling and regulating the hydrogen inside the furnaces at the Hoeganaes plant. Plaintiffs aver that Defendant, on a frequent basis (approximately once a week), serviced, maintained and inspected this furnace control system and its component parts. Plaintiffs contend that Defendant was responsible for the maintenance, inspection and adjustment of the furnace control system and each of its component parts.

Plaintiffs further allege that Defendant knew or should have known of certain violations by Hoeganaes of the Occupational Safety and Health Act ("OSHA") in its Sumner County plant, including problems with a Vent Valve which operated incorrectly. Plaintiffs also assert that

Defendant knew or should have known that the conditions in the Hoeganaes plant were not safe for using hydrogen gas. Plaintiffs claim that Defendant's continued supply of hydrogen gas created a substantial and unreasonable risk of harm to Hoeganaes employees. Plaintiffs argue that Defendant breached its duty to exercise reasonable care at the Hoeganaes plant by failing to maintain the mechanical integrity of the furnace control system and its component parts and by failing to ensure that the plant contained warning indicators that could detect a hydrogen gas leak.

Finally, Plaintiffs contend that Defendant breached its duty to exercise reasonable care by failing to warn employees in the Hoeganaes plant of the risks associated with the incorrect operation of the furnace control system and other risks associated with the hazardous nature and conditions of that system, all of which resulted in the deaths of Plaintiffs' spouses.

Defendant has moved to dismiss this case, arguing that it owed no duty to Plaintiffs' decedents and that the proximate cause of the injuries to Plaintiffs' decedents was the negligence of Hoeganaes, not of Defendant.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

2

*Id.* at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

ANALYSIS

It is well established that to sustain a claim for negligence, a plaintiff must first demonstrate a duty of care owed by the defendant to the plaintiff. *Patterson-Khoury v. Wilson World Hotel - Cherry Road, Inc.*, 139 S.W.3d 281, 285 (Tenn. Ct. App. 2003). Defendant contends that it owed no duty to employees of the Hoeganaes plant, including Plaintiffs' spouses. Duty of care has been defined by the courts as the legal obligation owed by a defendant to a plaintiff to conform to a reasonable person standard of care for protection against unreasonable risks of harm. *Id.* If the defendant has failed to exercise reasonable care, it has breached its duty to the plaintiff. *Id.*

The determination of whether a duty is owed requires a balancing of the foreseeability and gravity of the potential harm against the burden imposed in preventing that harm. *Friedenstab v. Short*, 174 S.W.3d 217, 219 (Tenn. Ct. App. 2004). The determination of what is reasonable care must be given meaning in relation to the circumstances. *Patterson - Khoury*, 139 S.W.3d at 285. Whether a defendant owed or assumed a duty of care to a particular plaintiff is generally a question of law for the court to decide, *Friedenstab* at 219, and in this case, the facts alleged in the Complaint, taken as true, sufficiently allege a duty to the Plaintiffs' decedents.

For example, the Court must accept as true that Defendant designed, manufactured, installed, provided and monitored the system for monitoring, controlling and regulating the hydrogen in the furnaces at the Hoeganaes plant. Complaint, ¶ 25. The Court must also accept as true that Defendant was responsible for the maintenance, inspection and adjustment of the furnace control

system and each of its component parts. Complaint, ¶ 46. The Court must accept as true that Defendant frequently serviced, maintained, adjusted and inspected the furnace control system and its component parts. Complaint, ¶¶ 27 and 47. Plaintiffs allege that Defendant both created a hazardous and unreasonable risk of harm and also failed to properly service, maintain and inspect the furnace control system. Defendant disputes that these allegations are true, but the Court cannot resolve factual issues on a Motion to Dismiss.

If the facts as alleged by Plaintiffs are true, Defendant owed a duty to Plaintiffs' decedents herein. The scope of such a duty would be dependent upon the credibility of Plaintiffs' allegations. And, of course, whether Defendant breached any such duty and whether that breach caused the explosion and fire would be determined by the trier of fact. Plaintiffs have sufficiently alleged factual matter, accepted as true, to state a claim for negligence that is plausible on its face.

Most of the cases Defendant cites for its authority involved summary judgments or judgments after trials. At this point in the litigation, when the Court must accept the allegations of Plaintiffs' Complaint as true, Plaintiff's allegations are sufficient.

Defendant also asserts that the proximate cause of the explosion and fire herein was the negligence of Hoeganaes, not the negligence of Defendant. Again, on this Motion to Dismiss, the Court cannot determine comparative fault or causation. For purposes of this Motion, Plaintiffs' Complaint sufficiently alleges that the negligence of Defendant was the proximate cause of their decedents' injuries.

With regard to Plaintiffs' claim of negligent entrustment, Defendant's Motion is again denied. To prevail on a claim of negligent entrustment, a plaintiff must show that a chattel was entrusted to one incompetent to use it with knowledge of the incompetence and that its use was the

4

proximate cause of injury or damage to another. *West v. East Tennessee Pioneer Oil Co.*, 172 S.W.3d 545, 553-54 (Tenn. 2005).

Plaintiffs' Complaint alleges that Defendant was responsible for the maintenance, inspection and adjustment of the furnace control system and its parts in the Hoeganaes plant and that Defendant's employees regularly were present in the plant. Plaintiffs contend that Defendant knew or should have known of numerous safety issues and OSHA violations by Hoeganaes in its plant and yet failed to act or to warn the employees and continued to supply dangerous hydrogen gas to Hoeganaes for use in it furnaces.

Whether Defendant is liable for negligent entrustment remains to be seen, but Plaintiff has sufficiently alleged facts which, if accepted as true, state a claim for this tort.

## CONCLUSION

For these reasons, Defendant's Motion to Dismiss (Docket No. 10) is DENIED.

IT IS SO ORDERED.

                                              *Todd Campbell*
                                              TODD J. CAMPBELL
                                              UNITED STATES DISTRICT JUDGE